IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZELTON BEALL, III, Individually, and on Behalf of Others Similarly Situated,<br>    PLAINTIFFS,<br><br>VS.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. and ROBERT BOSCH, LLC,<br>    DEFENDANTS. | CIVIL ACTION NO 4:11-CV-484 |

**PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Under Rule 15(a)(1)(B), Plaintiff, ZELTON BEALL, III, individually and on behalf of a class of all similarly situated persons, files this Amended Class Action Complaint against VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AG, ROBERT BOSCH, LLC, and ROBERT BOSCH GmbH.

**I.
PARTIES**

1.      Plaintiff, ZELTON BEALL, III ("Beall," "Plaintiff," or "Plaintiff Class" as described below), is a resident of Texas, and he is the named class representative of this class action. Plaintiff brings this action on behalf of himself and all others similarly situated owners of Volkswagen Jetta TDI's with a Bosch fuel pump model 03L-130-755-A, Bosch 1000 (the "Fuel Pump"), and owners and lessees of Volkswagen Jetta TDI's as more fully described herein.

2. Defendant, VOLKSWAGEN GROUP OF AMERICA, INC. ("Volkswagen"), is a foreign corporation—New Jersey—doing business in the state of Texas for the purpose of accumulating monetary profits. Volkswagen may be served with process by and through its registered agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

3. Defendant, VOLKSWAGEN AG ("Volkswagen AG"), is the parent corporation of VOLKSWAGEN GROUP OF AMERICA, INC. Volkswagen AG is a foreign corporation—Germany—who may be served with process under Rule 4 of the Federal Rules of Civil Procedure.

4. Defendant, ROBERT BOSCH, LLC ("Bosch"), based upon information and belief, is a foreign limited liability company organized under the laws of the state of Delaware, having its principal place of business at 2800 S. 25th Avenue, Broadview, Illinois 60155, and it may be served with process by and through its registered agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

5. Defendant, ROBERT BOSCH GmbH ("Bosch GmbH") is a foreign corporation—Germany—who may be served with process under Rule 4 of the Federal Rules of Civil Procedure.

6. Volkswagen and Volkswagen AG are collectively referred to as Volkswagen.

7. Bosch and Bosch GmbH are collectively referred to as Bosch

8. Volkswagen and Bosch are collectively referred to as Defendants.

## II.
## JURISDICTION

9. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states or of different countries and the amount in controversy exceeds $75,000, excluding interest and costs.

10. This Court also has jurisdiction over this lawsuit under 28 U.S.C. § 1332(d) because it is a civil action filed under Rule 23 of the Federal Rules of Civil Procedure.

## III.
## VENUE

11. Venue is proper in this District under 28 U.S.C. § 1392(a)(2) because a substantial part of the events or omissions giving rise to the lawsuit occurred in this district.

## IV.
## PLAINTIFF'S CLASS ACTION ALLEGATIONS

12. Pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all persons who, purchased, own, or lease Volkswagen Jetta TDI's with the Fuel Pump in the last four years in Texas, and owners of Volkswagen Jetta TDI's as more fully described herein (the "Plaintiff Class").

### Rule 23(a) Prerequisites

13. Prosecution of the Plaintiff Class's claims is appropriate because the prerequisites of Rule 23a of the Federal Rules of Civil Procedure are met.

14. There are or were thousands of geographically dispersed members of the Plaintiff Class, which renders joinder impracticable. Class members can be identified using records maintained by Defendants and the Plaintiff Class' own vehicles.

15. There is a well-defined community of interest in the questions of law and fact uniformly affecting the members of the Plaintiff Class. The questions of law and fact common to the class members include, but are not limited to, the following:

    a. Whether Volkswagen and Bosch are strictly liable for the design, manufacture, and marketing of the Fuel Pump;

    b. Whether Volkswagen and Bosch negligently designed, manufactured, and marketed the Fuel Pump in a defective condition;

    c. Whether Volkswagen and Bosch's design, manufacture, and marketing of the Fuel Pump in a defective condition was fraudulent inducement or fraud by non-disclosure;

    d. Whether Volkswagen and Bosch designed, manufactured, marketed, sold and warranted the Fuel Pump in a defective condition violating the Texas Deceptive Trade Practices Act ("DTPA");

    e. Whether Volkswagen and Bosch breached its express or implied warranties in the design, manufacture, and sale of the Fuel Pump; and

    f. The measure of damages and the nature of appropriate equitable relief to the members of the Plaintiff Class.

16. Plaintiff's claims are typical of the claims of the members of the Plaintiff Class and fairly encompass the claims of the members of the class.

17. Plaintiff and the members of the Plaintiff Class are similarly or identically harmed by the same systematic and pervasive pattern of Defendants' unlawful conduct.

18. As set forth more fully below, Volkswagen and Bosch designed, manufactured, and marketed the Fuel Pump that was used in Volkswagen Jetta TDI's.

19. All members of the Plaintiff Class are injured in their property by reason of Volkswagen and Bosch's unlawful conduct alleged herein.

20. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Plaintiff Class.

21. There are no material conflicts between the claims of Plaintiff and the members of the Plaintiff Class that would make class certification inappropriate.

22. Counsel for the class will vigorously assert the claims of the members of the Plaintiff Class.

## Rule 23(b) Prerequisites

23. Prosecution of the claims of the Plaintiff Class as a class action is appropriate under Rules 23(b)(1)(B), 23(b)(2), and 23(b)(3).

24. The prosecution of separate actions by or against individual members of the class would create a risk of (1) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants or (2) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25. One or more of the Defendants has failed or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Plaintiff Class. Specifically, Defendants have attempted to deprive the members of the Plaintiff Class of their

reasonable use and failed to repair or replace the Fuel Pump and/or fuel system. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Plaintiff Class on grounds generally applicable to the entire Plaintiff Class, to enjoin and prevent Defendants from continuing to manufacture, market, and sell vehicles with the Fuel Pump and manufacture, market, and sell the Fuel Pump.

26. The questions of law or fact common to the members of the Plaintiff Class predominate over any questions affecting only the individual members. Plaintiff will be able to demonstrate a viable method for proving common impact and damages to the members of the Plaintiff Class.

27. A class action is superior to other methods for the fair and efficient resolution of this controversy.

## V.
## BACKGROUND FACTS

28. Beall purchased a 2009 Volkswagen Jetta TDI, bearing VIN number 3VWRL71K99M047297 (the "Jetta").

29. Beall purchased an extended warranty covering certain repairs, including the Fuel Pump for the Jetta, which was marketed and sold through a Volkswagen dealer, which purported to, but in fact did not, cover the Fuel Pump defect.

30. The Fuel Pump was a component installed in the Jetta when Beall purchased it from Volkswagen.

31. Beall's fuel system failed as a result of the Fuel Pump.

32. Beall took the Jetta to a Volkswagen dealership to have the Fuel Pump, fuel system, and/or Jetta repaired or replaced. The Volkswagen dealership refused to repair or replace the Fuel Pump, fuel system, or Jetta.

33. Beall then contacted Volkswagen to attempt to have his Fuel Pump and fuel system repaired or replaced. Volkswagen also refused to repair or replace the Fuel Pump and fuel system.

## VI.
## CAUSES OF ACTION
### A.   STRICT LIABILITY

34. At all times relevant to this lawsuit, Volkswagen and Bosch were in the business of designing, manufacturing, marketing, selling and otherwise placing into the stream of commerce Jettas with the Fuel Pump.

35. At all material times, as part of its business, Volkswagen and Bosch were regularly engaged in business in the State of Texas of designing, manufacturing, and selling the Fuel Pump, including Plaintiff and the Plaintiff Class' Fuel Pump, which are intended to and do reach ultimate consumers.

36. The Fuel Pump was designed, manufactured, marketed, and sold by Volkswagen and Bosch to Plaintiff and the Plaintiff Class, and Volkswagen and Bosch are and were legally responsible and liable for defects in the Fuel Pump under the doctrine of strict liability.

37. The Fuel Pump was designed, manufactured, and marketed and placed into the stream of commerce by Volkswagen and Bosch in a defective condition.

38.     The Fuel Pump was substantially unchanged from the time it was placed into the stream of commerce until the catastrophic failure.

### B.     DESIGN DEFECT

39.     The Fuel Pump's design was defective.

40.     As a result of the defective design, the Fuel Pump unexpectedly failed during normal and foreseeable operation of the Jetta.

41.     Comparing the utility, versus risk of harm, the Fuel Pump, as Volkswagen and Bosch designed it, was defective.

42.     At the time the Fuel Pump left Volkswagen and Bosch's control, there were safer alternative designs that would have prevented the events described herein.

### C.     MANUFACTURING DEFECT

43.     The Fuel Pump was manufactured defectively.

44.     The manufacturing defect was the producing and proximate cause of Plaintiff and the Plaintiff Class' resulting damages.

### D.     MARKETING DEFECT

45.     Volkswagen and Bosch defectively marketed the Fuel Pump.

46.     Volkswagen and Bosch failed to give adequate warnings of the Fuel Pump's dangers.

47.     This failure to warn and/or give adequate instructions rendered the Fuel Pump defective as marketed by Volkswagen and Bosch.

48.     The marketing defects were the producing and proximate cause of Plaintiff and the Plaintiff Class' resulting damages.

### E.   NEGLIGENCE

49.   Volkswagen and Bosch had a duty to design, manufacture, and market the Fuel Pump in a non-defective and a safe manner.

50.   Volkswagen and Bosch breached their duty.

51.   Volkswagen and Bosch's breach proximately caused Plaintiff and the Plaintiff Class' damages.

52.   Additionally, Volkswagen and Bosch had a duty to adequately test and inspect the Fuel Pump before its sale.

53.   Volkswagen and Bosch owed a legal duty of care to Plaintiff and the Plaintiff Class concerning the design, manufacturing, marketing, and sale of the Fuel Pump.

54.   Volkswagen and Bosch breached their duty of care.

55.   Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes an act or acts of negligence, all of which proximately caused Plaintiff and the Plaintiff Class' damages.

### F.   FRAUDULENT INDUCEMENT AND FRAUD BY NON-DISCLOSURE

56.   Volkswagen and Bosch concealed and failed to disclose to Plaintiff and the Plaintiff Class that the Fuel Pump was defectively designed, manufactured, marketed and sold.

57.   Volkswagen and Bosch sold the Fuel Pump to Plaintiff and the Plaintiff Class without disclosing the foregoing information despite the fact that they had a duty to disclose such information.

58. These facts were material because such information affected Plaintiff and the Plaintiff Class' decision to purchase the Jetta.

59. Volkswagen and Bosch knew that Plaintiff and the Plaintiff Class were not aware of the defects and problems described herein and he did not have an equal opportunity to discover the defects.

60. Based on information and belief, Volkswagen and Bosch deliberately failed to disclose and intentionally concealed the various design, manufacturing, and marketing defects that existed in the Fuel Pump.

61. Volkswagen and Bosch's failure to disclose such information was intentional and was designed to induce Plaintiff and the Plaintiff Class to proceed with the purchase of the Jetta with the Fuel Pump.

62. Plaintiff and the Plaintiff Class did, in fact, rely upon Volkswagen and Bosch's failure to disclose such defects and purchased the Jetta with the Fuel Pump.

63. Plaintiff and the Plaintiff Class suffered actual damages as a result of Volkswagen and Bosch's fraudulent nondisclosure.

64. Additionally, Volkswagen and Bosch's intentional, unlawful, and fraudulent conduct entitles Plaintiff and the Plaintiff Class to recover exemplary damages.

### G. DECEPTIVE TRADE PRACTICES

65. Plaintiff and the Plaintiff Class are "consumers" as defined by Tex. Bus. & Com. Code Ann. § 17.45(4).

66. Plaintiff and the Plaintiff Class sought or acquired goods or services by purchasing those goods or services from Volkswagen and Bosch.

67. Volkswagen and Bosch violated the Texas Deceptive Trade Practices Act ("DTPA") (Tex. Bus. & Com. Code Ann. § 17.44 *et seq.*) because Volkswagen and Bosch engaged in false, misleading and/or deceptive acts or practices that Plaintiff and the Plaintiff Class relied on to their detriment.

68. Volkswagen and Bosch also violated §§ 17.46(b) including, but are not limited to:

    a. § 17.46(b)(5);

    b. § 17.46(b)(7);

    c. § 17.46(b)(9);

    d. § 17.46(b)(13);

    e. § 17.46(b)(20); and

    f. § 17.46(b)(24).

69. Volkswagen and Bosch's acts and omissions also constitute violations of the DTPA, including, but not limited to:

    a. Committing false, misleading or deceptive acts or practices as defined by § 17.46(b);

    b. Breach of an express warranty

    c. Breach of an implied warranty; and

    d. Unconscionable action or courses of action.

70. Volkswagen and Bosch's acts and omissions were a producing cause of the Plaintiff and the Plaintiff Class' damages.

71. Volkswagen and Bosch's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Volkswagen and Bosch had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiff and the Plaintiff Class' claim and they acted with a specific intent that Plaintiff and the Plaintiff Class act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the undisclosed facts.

### H.    INJUNCTIVE RELIEF

72. As a result of the Defendants' past and likely future conduct, the Plaintiff and Plaintiff Class are entitled to injunctive relief on behalf of the Plaintiff Class. Defendants should be enjoined from making any further misrepresentations concerning the cause of the unintended malfunction of the Fuel Pump. Defendants should be ordered to take all steps necessary to fully investigate the source of the problem, including significant testing of the Fuel Pump and full disclosure of the results of those tests. The Defendants should be ordered to provide alternative transportation to Class Members at no cost to the Plaintiff Class or Plaintiff while Defendants repair and remedy the defective Fuel Pump on the Plaintiff Class' vehicles.

73. Plaintiff also requests that the Defendants be enjoined from collecting any further financing and/or lease payments from Plaintiff Class whose vehicles were financed or leased from companies owned or within the control of the Defendants. Further, Plaintiff requests that the Defendants be ordered to make payments on behalf of

Plaintiff Class who have leased or financed their vehicles using other financing companies.

74. Plaintiff and the Plaintiff Class have a substantial likelihood of success on the merits and Plaintiff and the Plaintiff Class risk irreparable, immeasurable harm should the injunctive relief not be granted. The Defendants have failed to remedy the problem with the Fuel Pump despite Plaintiff's several attempts to seek a remedy to the defect.

75. Defendants will incur little if any harm as a result of the requested injunctive relief. Indeed the requested injunctive relief may save the Defendants money in the long run.

## VII.
## DAMAGES

76. Volkswagen and Bosch's wrongful and negligent acts, omissions, and carelessness are the proximate and producing cause of Plaintiff and the Plaintiff Class' damages.

77. As a direct result of Volkswagen and Bosch's conduct, Plaintiff and the Plaintiff Class have suffered economic damages, all of which they are entitled to recover.

78. Plaintiff and the Plaintiff Class are also entitled to recover mental anguish damages because Volkswagen and Bosch knowingly acted in bad faith, which was the producing cause of Plaintiff and the Plaintiff Class' mental anguish.

79. Under the DTPA, Plaintiff and the Plaintiff Class are also entitled to recover treble damages because Volkswagen and Bosch's conduct was committed knowingly or intentionally.

80. Plaintiff and the Plaintiff Class are entitled to exemplary damages as a result of Volkswagen and Bosch's breaches of the duties owed as described above.

81. When viewed objectively from the standpoint of Volkswagen and Bosch, at the time of the occurrence in question, Volkswagen and Bosch's conduct involved an extreme degree of risk and Volkswagen and Bosch had actual, subjective awareness of the risk involved, but they nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

82. As a result of Volkswagen and Bosch's acts and omissions, Plaintiff and the Plaintiff Class have incurred additional damages, including pre-judgment and post-judgment interest as provided by law and such further relief as this Court deems necessary, just and proper.

83. Plaintiff and the Plaintiff Class seek recovery of their reasonable and necessary attorneys' fees under the DTPA.

84. Plaintiff and the Plaintiff Class seek injunctive relief as more fully described above.

## VIII.
## JURY DEMAND

85. Plaintiff and the Plaintiff Class demand a trial by a jury and have submitted the requisite associated fee.

86. Plaintiff and the Plaintiff Class ask that they be provided a judgment against Volkswagen and Bosch; that they recover their damages in accordance with the evidence; that they recover costs of Court they expend; that they recover interest, both

pre- and post-judgment to which they are entitled under the law; and for any other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

                                                  Respectfully submitted,

                                                  _____
                                                  Shane A. McClelland
                                                  State Bar No. 24046383
                                                  SD Tex Bar Number: 642324
                                                  Attorney-in-Charge for Plaintiffs
                                                  SMcClelland@SHMFIRM.COM

                                                  SIMON HERBERT & MCCLELLAND, LLP
                                                  3701 Kirby Drive, Suite 845
                                                  Houston, Texas 77098
                                                  Phone:    (713) 987-7100
                                                  Fax:  (713) 987-7120

OF COUNSEL

Kyle C. Herbert
State Bar No. 24043724
SD Tex Bar Number: 589113
Kherbert@shmfirm.com
SIMON HERBERT & MCCLELLAND, LLP

Mark J. Beausoleil
State Bar No.: 00795242
BEAUSOLEIL LAW GROUP
P.O. Box 663
Liberty, Texas 77575
Phone:    936-336-6275
Fax:  936-336-2266

**ATTORNEYS FOR PLAINTIFF
AND THE PLAINTIFF CLASS**

## CERTIFICATE OF SERVICE

    I certify that the foregoing was served in accordance with the Federal Rules of Civil Procedure on APRIL 11, 2011, to the following:

VOLKSWAGEN GROUP OF AMERICA, INC.
Strasburger & Price LLP
Mr. William Worthington
1401 McKinney, Suite 2200
Houston, TX 77010

ROBERT BOSCH, LLC
Sheehy, Ware & Pappas, P.C.
Mr. Richard Sheehy
909 Fannin Street, Suite 2500
Houston Texas 77010

_____
Shane A. McClelland