**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ZELTON BEALL, III, Individually, and on Behalf of Others Similarly Situated,** *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION NO. 4:11-CV-484** |
| **VOLKSWAGEN GROUP OF AMERICA, INC. and ROBERT BOSCH, LLC,** *Defendants.* | § | **JURY TRIAL** |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S ORIGINAL ANSWER TO AMENDED CLASS ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

VOLKSWAGEN GROUP OF AMERICA, INC. ("VWGoA" or "Defendant"), answers Plaintiff's Amended Class Action Complaint as set forth below:

FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted. F.R.C.P. 12(b)(6).

SECOND DEFENSE

VWGoA replies by correspondingly numbered paragraph to Plaintiff's Amended Class Action Complaint as follows:

## I. PARTIES

1. VWGoA admits that Plaintiff has filed this lawsuit as a putative class action but denies that grounds exist for class certification or that Plaintiff is a proper class representative. VWGoA is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1 of Plaintiff's Amended Class Action Complaint, and, therefore, they are denied.

2. VWGoA admits that it is incorporated under the laws of the State of New Jersey and that it is registered to and does business in the State of Texas. It admits the remaining allegation in Paragraph 2 of Plaintiff's Amended Class Action Complaint.

3. VWGOA admits that Volkswagen AG, is a German corporation and the parent corporation of VWGoA, but VWGoA otherwise denies the allegations contained in Paragraph 3 inasmuch as those allegations state legal conclusions which are respectfully referred to the Court.

4. VWGoA is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4.

5. VWGoA is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5.

6. To the extent a response to Paragraph 6 is required, VWGoA denies that it is appropriate to refer to VWGoA and Volkswagen AG, which are separate entities, collectively as "Volkswagen."

7. To the extent a response to Paragraph 7 is required, VWGoA neither admits nor denies this allegation which is directed to other parties.

8. To the extent a response to Paragraph 8 is required, VWGoA denies that it is appropriate to refer to VWGoA and Volkswagen AG, which are separate entities, collectively as "Volkswagen" and similarly to refer to VWGoA, Volkswagen AG, Bosch and Bosch Gmbh in a collective fashion.

## II. JURISDICTION

9. VWGoA admits that the Plaintiff and VWGoA are citizens of different states but denies the remaining allegations in Paragraph 9.

10. VWGoA denies the allegations contained in Paragraph 10 on the ground that those allegations state conclusions of law. VWGoA respectfully refers all questions of law to the Court.

## III. VENUE

11. VWGoA denies the allegations contained in Paragraph 11 on the ground that those allegations state conclusions of law. VWGoA respectfully refers all questions of law to the Court.

## IV. PLAINTIFF'S CLASS ACTION ALLEGATIONS

12. VWGoA denies that a group of potential plaintiffs exist who should be certified as a "class" as that term is defined in the Federal Rules of Civil Procedure and the applicable case law, but admits that Plaintiff' alleges in Paragraph 12 of Plaintiff's Amended Class Action Complaint that this action is brought pursuant to Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)3 of the Federal Rules of Civil Procedure.

### Rule 23(a) Prerequisites

13. VWGoA denies the allegations contained in Paragraph 13.
14. VWGoA denies the allegations contained in Paragraph 14.
15. VWGoA denies the allegations contained in Paragraph 15 and each of its subparts.
16. VWGoA denies the allegations contained in Paragraph 16.
17. VWGoA denies the allegations contained in Paragraph 17.
18. VWGoA denies the allegations contained in Paragraph 18.
19. VWGoA denies the allegations contained in Paragraph 19.
20. VWGoA denies the allegations contained in Paragraph 20.
21. VWGoA denies the allegations contained in Paragraph 21.
22. VWGoA denies the allegations contained in Paragraph 22.

Rule 23(b) Prerequisites

23. VWGoA denies the allegations contained in Paragraph 23.

24. VWGoA denies the allegations contained in Paragraph 24.

25. VWGoA denies the allegations contained in Paragraph 25.

26. VWGoA denies the allegations contained in Paragraph 26.

27. VWGoA denies the allegations contained in Paragraph 27.

V. BACKGROUND FACTS

28. VWGoA admits the allegation contained in Paragraph 28.

29. VWGoA lacks sufficient information to either admit or deny the allegations contained in Paragraph 29, and accordingly such allegations are denied.

30. VWGoA admits that the subject Jetta was equipped with a Bosch 1000 model fuel pump at the time it was purchased, but the allegations contained in Paragraph 30 are otherwise denied.

31. VWGoA specifically denies that fuel system in Plaintiff's vehicle failed as a result of any defect in the subject vehicle or fuel pump but otherwise can neither admit nor deny the allegation contained in Paragraph 31.

32. VWGoA specifically denies that the fuel pump, fuel system and/or Jetta were defective but is otherwise without sufficient knowledge to admit or deny the allegation contained in Paragraph 32.

33. VWGoA specifically denies that the fuel pump, fuel system and/or Jetta were defective but is otherwise without sufficient knowledge to admit or deny the allegation contained in Paragraph 33.

VI. CAUSES OF ACTION

A. STRICT LIABILITY

34. VWGoA admits that it marketed and sold Jetta vehicles equipped with a Bosch model 1000 fuel pump, but denies the remaining allegations contained in Paragraph 34.

35. VWGoA admits that it marketed and sold Jetta vehicles in Texas equipped with a Bosch model 1000 fuel pump, but denies the remaining allegations contained in Paragraph 34.

36. VWGoA denies the allegations contained in Paragraph 36.

37. VWGoA denies the allegations contained in Paragraph 37.

38. VWGoA denies the allegations contained in Paragraph 38.

B. DESIGN DEFECT

39. VWGoA denies the allegations contained in Paragraph 39.

40. VWGoA denies the allegations contained in Paragraph 40.

41. VWGoA denies the allegations contained in Paragraph 41.

42. VWGoA denies the allegation contained in Paragraph 42.

C. MANUFACTURING DEFECT

43. VWGoA denies the allegations contained in Paragraph 43.

44. VWGoA denies the allegations contained in Paragraph 44.

D. MARKETING DEFECT

45. VWGoA denies the allegations contained in Paragraph 44.

46. VWGoA denies the allegation contained in Paragraph 45.

47. VWGoA denies the allegations contained in Paragraph 46.

48. VWGoA denies the allegations contained in Paragraph 47.

E. NEGLIGENCE

49. The allegations contained in Paragraph 49 state conclusions of law which VWGoA respectfully refers to the Court. Accordingly, VWGoA denies the allegations contained in Paragraph 49.

50. VWGoA denies the allegation contained in Paragraph 50.

51. VWGoA denies the allegations contained in Paragraph 51.

52. The allegations contained in Paragraph 52 state conclusions of law which VWGoA respectfully refers to the Court. Accordingly, VWGoA denies the allegations contained in Paragraph 52.

53. The allegations contained in Paragraph 53 state conclusions of law which VWGoA respectfully refers to the Court. Accordingly, VWGoA denies the allegations contained in Paragraph 53.

54. VWGoA denies the allegations contained in Paragraph 54.

55. VWGoA denies the allegations contained in Paragraph 55.

### F. FRAUDULENT INDUCEMENT AND FRAUD BY NON-DISCLOSURE

56. VWGoA denies the allegations contained in Paragraph 56 and specifically denies that the fuel pump was defectively designed, manufactured, marketed and sold.

57. VWGoA denies the allegations contained in Paragraph 57 and specifically denies that the fuel pump was defectively designed, manufactured, marketed and sold.

58. VWGoA denies the allegations contained in Paragraph 58.

59. VWGoA denies the allegations contained in Paragraph 59 and specifically denies that any "defects" or "problems" existed.

60. VWGoA denies the allegations contained in Paragraph 60 and specifically denies that any design, manufacturing and/or marketing defects existed in the fuel pump.

61. VWGoA denies the allegations contained in Paragraph 61.

62. VWGoA denies the allegations contained in Paragraph 62 and specifically denies that anydefects existed.

63. VWGoA denies the allegations contained in Paragraph 63 and specifically denies any fraudulent nondisclosure on the part of VWGoA.

64. VWGoA denies the allegations contained in Paragraph 64 and specifically denies that its conduct was in any way intentional, unlawful, and/or fraudulent.

G. DECEPTIVE TRADE PRACTICES

65. The allegations contained in Paragraph 65 state conclusions of law which VWGoA respectfully refers to the Court. Accordingly, VWGoA denies the allegations contained in Paragraph 65.

66. VWGoA denies the allegations contained in Paragraph 66, and specifically denies that it sold the subject vehicle to Plaintiff.

67. VWGoA denies the allegations contained in Paragraph 67 of Plaintiff's Amended Class Action Complaint.

68. VWGoA denies the allegations contained in Paragraph 68 and each of its subparts, and VWGoA further specifically denies that it engaged in false, misleading and/or deceptive acts or practices.

69. VWGoA denies the allegations contained in Paragraph 69 and each of its subparts.

70. VWGoA denies the allegations contained in Paragraph 70.

71. VWGoA denies the allegations contained in Paragraph 71.

H. INJUNCTIVE RELIEF

72. VWGoA denies the allegations contained in Paragraph 72 and that Plaintiff is entitled to injunctive relief.

73. VWGoA denies the allegations contained in Paragraph 73 and that Plaintiff is entitled to the relief requested.

74. VWGoA denies the allegation contained in Paragraph 74.

75. VWGoA denies the allegations contained in Paragraph 75.

VII. DAMAGES

76. VWGoA denies the allegations contained in Paragraph 76.

77. VWGoA denies the allegations contained in Paragraph 77.

78. VWGoA denies the allegations contained in Paragraph 78.

79. VWGoA denies the allegation contained in Paragraph 79.

80. VWGoA denies the allegations contained in Paragraph 80.

81. VWGoA denies the allegations contained in Paragraph 81.

82. VWGoA denies the allegations contained in Paragraph 82.

83. VWGoA admits that Plaintiff seeks recovery of reasonable and necessary attorneys' fees but denies that Plaintiff is entitled to recovery of fees, and accordingly VWGoA denies the allegations contained in Paragraph 83.

84. VWGoA admits that Plaintiff seeks injunctive relief but denies that Plaintiff is entitled to such relief, and accordingly VWGoA denies the allegations contained in Paragraph 84.

VIII. JURY DEMAND

85. Defendant admits that Plaintiff demands a trial by jury.

86. Defendant denies that Plaintiff is entitled to judgment or any relief as requested in 86 of Plaintiff's Amended Class Action Complaint.

## THIRD DEFENSE

Plaintiff's claims fail to meet the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and moreover, Plaintiff lacks standing to represent the alleged class.

## FOURTH DEFENSE

Plaintiff's claims and causes of action are, in whole or in part, barred by the doctrine of primary jurisdiction. The National Highway Traffic Safety Administration ("NHTSA") has special competence in this area, and the

Court should withhold any resolution of this dispute until NHTSA has had an opportunity to consider Plaintiff's claims.

FIFTH DEFENSE

Plaintiff's claims and causes of action are, in whole or in part, preempted by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101. Furthermore, the Plaintiff and alleged putative class members have failed to exhaust available administrative remedies, and their claims are, in whole or in part, barred.

SIXTH DEFENSE

The negligence, acts or conduct of Plaintiff, including product misuse, was a proximate cause or the sole proximate cause and/or a producing cause or the sole producing cause and/or the cause in whole or in part of the incident(s) giving rise to this lawsuit and the resulting damages, and Defendant is entitled to dismissal of Plaintiff's claims or a comparative apportionment of responsibility.

SEVENTH DEFENSE

Plaintiff contributed to his own damages by, among other things, failing to exercise ordinary care, caution and prudence to avoid the damages and incident at issue, including Plaintiff's misuse of the product

and failure to mitigate any alleged loss. Therefore, Plaintiff's claims are barred in whole or in part by his comparative fault.

EIGHTH DEFENSE

Plaintiff and putative class members altered, repaired, failed to maintain, damaged and/or misused the product in violation of the terms of the written warranty, as a result of which their claims for recovery should be barred.

NINTH DEFENSE

The negligence, acts or conduct of third persons, parties, legal entities or instrumentalities over whom Defendant had no control were a proximate cause and/or the sole proximate cause and/or a producing cause and/or the sole producing cause and/or the cause in whole or in part of the incident giving rise to the this lawsuit and the resulting damages, and Defendant is entitled to dismissal of Plaintiff's claims or a comparative apportionment of responsibility.

TENTH DEFENSE

Plaintiff's alleged damages or losses were directly and proximately caused by the intervening, superseding acts and conduct of others over which Defendant had no control. Said acts constituted a new and independent cause or sole cause, and and Defendant is entitled to

dismissal of Plaintiff's claims or a comparative apportionment of responsibility.

ELEVENTH DEFENSE

Plaintiff's claims under the DTPA are groundless in fact and/or law or brought in bad faith or for purposes of harassment. Accordingly, Defendant is entitled to recover its necessary and reasonable attorneys' fees and court costs pursuant to §17.50(c) of the Texas Business & Commerce Code.

TWELFTH DEFENSE

Plaintiff's claims for prejudgment interest are limited by the dates and amounts set forth in Chapter 304 of the Finance Code.

THIRTEENTH DEFENSE

Plaintiff's allegation of fraud fails to meet the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure, and furthermore, Plaintiff cannot prove fraud.

FOURTEENTH DEFENSE

Some or all of the claims of the Plaintiff and the putative class are barred by the applicable period of limitations and/or the doctrine of laches.

FIFTEENTH DEFENSE

Some or all of the claims of the Plaintiff and the putative class have been waived and/or the Plaintiff and members of the putuative class are estopped from pursuing such claims.

SIXTEENTH DEFENSE

Some or all of the claims of the Plaintiff and the putative class are barred by the economic loss rule.

SEVENTEENTH DEFENSE

Some or all of the claims asserted by the Plaintiff, both individually and as putative class representative, are barred. The Plaintiff and putative class members failed to notify VWGoA of any claimed warranty breach within a reasonable time after he discovered or should have discovered any alleged breach. TEX. BUS. & COM. CODE § 2.607(c)(1). Moreover, the Plaintiff and alleged putative class members failed to afford VWGoA an opportunity to cure.

EIGHTEENTH DEFENSE

One or more of the statutory provisions under which Plaintiff seeks recovery, both individually and as putative class representative, are unconstitutionally vague and therefore violate VWGoA's right of Due Process and Equal Protection under the Fifth and Fourteenth Amendments

to the Constitution of the United States and similar provisions of the Texas Constitution.

NINETEENTH DEFENSE

Any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar provisions of the Texas Constitution. Further, the imposition of such an award would constitute an excessive fine in violation of the Eighth Amendment, and that it would violate the due process clauses of the Fifth and Fourteenth Amendments.

TWENTIETH DEFENSE

Defendant reserves the right to amend.

JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Volkswagen Group of America, Inc. respectfully requests that that the Court dismiss Plaintiff's Amended Class Action Complaint, that judgment be rendered that Plaintiffs take nothing, that Volkswagen Group of America, Inc. recover its costs, and for such other and further relief, both general and special, whether at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

WILLIAM A. WORTHINGTON
Attorney-in-Charge
Texas Bar No. 22010300
Federal ID No. 1692
1401 McKinney St., Suite 2200
Houston, Texas 77010-4035
(713) 951-5600
(713) 951-5660 *fax*
Email: william.worthington@strasburger.com

OF COUNSEL:

**Strasburger & Price, LLP**
1401 McKinney Street, Suite 2200
Houston, TX 77010
713-951-5600
713-951-5660 Fax

and

Daniel V. Gsovski
Jeffrey L. Chase
Michael B. Gallub
**Herzfeld & Rubin, P.C.**
125 Broad Street
New York, New York 10004
212-471-8460
212-344-3333 Fax
dgsovski@herzfeld-rubin.com
jchase@herzfeld-rubin.com

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of May, 2011, a true and correct copy of the foregoing document was served via ECF notification on counsel of record as follows:

Shane McClelland
Simon Herbert & McClelland, LLP
3701 Kirby Dr., Suite 845
Houston, Texas 77098

Richard A. Sheehy
Raymond A. Neuer
Sheehy, Ware & Pappas, P.C.
2500 Two Houston Center
909 Fanin Street
Houston, Texas 77010-1003

William A. Worthington